UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS HARDY,

    Plaintiff,

        v.   CAUSE NO. 3:19-CV-956-JD-MGG

LIEUTENANT LOTT, et al.,

    Defendants.

OPINION AND ORDER

Plaintiff Marcus Hardy filed a complaint while being held at the Indiana State Prison. Since he is representing himself, the Court will construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, because Mr. Hardy is a prisoner, pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Mr. Hardy claims that Defendants Lt. Lott, Lt. Lasco, Lt. Neal, and Sgt. Radats violated his rights secured by the Eighth Amendment to the United States Constitution. He alleges that he had a physical altercation with a prison guard after which he was taken to a disciplinary holding cell. There, Lt. Lott told him to take off all his clothing except for boxers and socks and placed him in the cell without a mattress or a blanket. Despite Mr. Hardy asking repeatedly for a mattress, a blanket, and clothes, Lt. Lott

refused for three days, and then gave him only a mattress. Up until then, Mr. Hardy slept on a metal bunk, almost naked and without a blanket to cover himself.

Mr. Hardy then spent the next four days asking Lt. Lott, Lt. Lasco, and Lt. Neal for a blanket and clothing.[1] At one point, Lt. Lott told him he wouldn't be getting any because "you like putting your hands on my officers." (ECF 1 at 2.) Mr. Hardy says he could not sleep longer than forty minutes at a time because he was so uncomfortable and cold.

Mr. Hardy also alleges that, for all seven days, he was fed peanut butter and jelly sandwiches for breakfast and bologna sandwiches for lunch and dinner. Last, he claims that he was deprived for the entire time of a writing materials, toothbrush, and the Bible.

To state an Eighth Amendment claim, Mr. Hardy must allege that defendants imposed upon him conditions that objectively denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Alleging that he was provided inadequate food, clothing, and shelter would satisfy this requirement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

---

[1] Although Mr. Hardy doesn't say so explicitly, it seems that his complaints were resolved after seven days of being placed in the disciplinary holding cell.

2

In addition to this objective component, Mr. Hardy must allege that the defendants acted with a culpable state of mind: "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer* 511 U.S. at 847.

While, by itself, being required to sleep for three days on a bedframe without a mattress is not to enough to violate the Eight Amendment, *see Johnson v. Pelker*, 891 F.2d 136, 138–39 (7th Cir. 1989), according to Mr. Hardy, Lt. Lott went further: he also took away Mr. Hardy's clothing and blanket for seven days because Mr. Hardy "likes to put his hands on [Lt. Lott's] officers." (ECF 1 at 2.) The complaint states that Mr. Hardy was cold the entire week and could sleep only forty minutes at a time. Under these conditions, it's plausible to infer that Lt. Lott knew that Mr. Hardy was facing substantial risk of serious harm yet disregarded that risk by failing to take reasonable measures to abate it. The same is true of Lts. Lasco and Neal. Mr. Hardy alleges that, after he received a mattress, for the next four days, he was asking them for a blanket and clothes, all the while suffering from being cold. It's plausible to infer from this that, at least by the second or the third day, the two officers were aware of Mr. Hardy's continuous condition, yet chose to do nothing to prevent his suffering.

Next, Mr. Hardy believes that being fed peanut butter and jelly sandwiches for breakfast and bologna sandwiches for lunch and dinner for seven days constitutes cruel and unusual punishment. Yet, the Eighth Amendment does not guarantee hot meals, especially for short periods of time, s*ee Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir.

3

1994) ("A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required."), and it's not plausible to infer from his complaint that Mr. Hardy's meals for those seven days didn't contain sufficient nutritional value.

Mr. Hardy also complains that, during the week in segregation, he was deprived of writing materials, a toothbrush, and the Bible. These deprivations for a period of seven days are not enough to give rise to an Eight Amendment claim. As described in the complaint, Mr. Hardy's inability to obtain writing materials, a toothbrush, or the Bible were no more than an inconvenience and unpleasantry which do not rise to the level of constitutional violations. *See Adams v. Pate*, 445 F.2d at 108-109 (7th Cir. 1971). In addition, the deprivation of the Bible was too short to constitute a First Amendment violation. *Cf. Marsh v. Corrs. Corp. of Am.*, No. 97–2070, 1998 WL 31435, at *3 (10th Cir. Jan. 28, 1998) (concluding plaintiff's allegations that defendants temporarily deprived her of religious items for fifteen days failed to satisfy her burden of establishing a First Amendment violation).

Last, Mr. Hardy believes that his diet and inability to get writing materials and a toothbrush violated the IDOC policy. However, policy violations do not amount to constitutional violations. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, Mr. Hardy has not stated a claim by alleging that the defendants failed to follow their own policies.

Up to now, nothing has been said about Sgt. Radats. That's because the complaint is silent about anything he may have done or failed to do in relation to Mr. Hardy's claims. Accordingly, he will be dismissed from this case.

For these reasons, the Court:

(1) GRANTS Marcus Hardy leave to proceed on a claim for compensatory damages against Lt. Lott, in his individual capacity: namely, that Lt. Lott violated his rights under the Eight Amendment by denying him clothes and a blanket for a period of seven days, when he was placed in a disciplinary holding cell;

(2) GRANTS Marcus Hardy leave to proceed on a claim for compensatory damages against Lt. Lasco and Lt. Neal in their individual capacities: namely, that Lt. Lasco and Lt. Neal violated his rights under the Eight Amendment by denying him clothes and a blanket for a period of four days, when he was placed in a disciplinary holding cell;

(3) DISMISSES all other claims;

(4) DISMISSES Defendant Sgt. Radats;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Lt. Lott, Lt. Lasco, and Lt. Neal at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last

employment date, work location, and last known home address of any defendant who does not waive service, if the Indiana Department of Correction has such information;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lt. Lott, Lt. Lasco, and Lt. Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Hardy has been granted leave to proceed in this screening order.

SO ORDERED on November 20, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT