UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS HARDY,

Plaintiff,

v.                                                    CAUSE NO.: 3:19-CV-956-JD-MGG

LIEUTENANT LOTT, et al.,

Defendants.

OPINION AND ORDER

Marcus Hardy, a prisoner without a lawyer, is proceeding in this case on one

claim against Lt. Lott for "violat[ing] his rights under the Eight Amendment by denying

him clothes and a blanket for a period of seven days, when he was placed in a disciplinary

holding cell," and on one claim against Lt. Lasco and Lt. Neal for "violat[ing] his rights

under the Eight Amendment by denying him clothes and a blanket for a period of four

days, when he was placed in a disciplinary holding cell[.]" ECF 16 at 5. Hardy alleged

these deprivations occurred over a seven-day period beginning on June 16, 2018. ECF 1

at 2-3. The defendants moved for summary judgment, arguing Hardy did not exhaust

his administrative remedies before filing suit. ECF 36. Hardy filed a response, and the

defendants filed a reply. ECF 43 and 47. The summary judgment motion is fully briefed

and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.

Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly

supported summary judgment motion may not rely merely on allegations or denials in

its own pleading, but rather must "marshal and present the court with the evidence she

contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th

Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice."

*Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary

judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518

F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to

prison conditions "until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have

been exhausted must be dismissed; the district court lacks discretion to resolve the

claim on the merits, even if the prisoner exhausts intra-prison remedies before

judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis

added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant

has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The

Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v.

Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the

administrative process by following the rules the state has established for that process,

exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

The defendants argue Hardy did not exhaust his administrative remedies prior

to filing this lawsuit because he never submitted any grievance regarding the

defendants' alleged conduct of depriving him of clothes and a blanket. ECF 37 at 8. The

defendants submit an affidavit from the prison's Grievance Specialist, who attests

Hardy never submitted any grievance related to this lawsuit. ECF 38-1 at 5-6. The

defendants also submit Hardy's grievance records, which show Hardy filed only one

grievance in June 2018 (ECF 38-4) and this grievance was unrelated to his allegations in

this lawsuit (ECF 38-5). Thus, the defendants have provided evidence Hardy did not

exhaust his administrative remedies prior to filing this lawsuit. The burden therefore

shifts to Hardy to provide facts and evidence showing a genuine dispute as to whether

he exhausted his administrative remedies.

In response to the summary judgment motion, Hardy filed a two-sentence

response stating only: "For the record, I did exhaust my administrative remedies,

indeed! I followed policy to the fullest extent, and did all things I was supposed to do

pertaining to the Indiana D.O.C. Grievance Procedure." ECF 43. Here, Hardy's response

is insufficient to create any genuine dispute as to any material fact. With the summary

judgment motion, the defendants provided Hardy a copy of N.D. Ind. L.R. 56-1, which

instructed Hardy to file a response to the summary judgment motion that "identifies the

material facts that the party contends are genuinely disputed so as to make a trial

necessary." ECF 39 at 4; N.D. Ind. L.R. 56-1(b)(2). The defendants also provided Hardy a

copy of Fed. R. Civ. P. 56, which provides that a party asserting a fact is genuinely disputed must support the assertion by "citing to particular parts of material in the record" or "showing that the materials cited do not establish the absence" of a genuine dispute. ECF 39 at 2; Fed. R. Civ. P. 56(c)(1). Because Hardy's response does not designate any facts or evidence in support of his conclusory assertion he exhausted his administrative remedies, his response is insufficient to survive summary judgment. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted). Accordingly, because the defendants have provided evidence Hardy did not exhaust his administrative remedies, and Hardy identifies no facts or evidence to dispute that evidence, summary judgment must be granted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 36);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Marcus Hardy and to close this case.

4

SO ORDERED on November 24, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT